UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------x
SAMIRA BYANJANKAR ET AL.,

                  Plaintiffs,

    -against-

US-BANGLA AIRLINES LTD.,

                Defendant.
-----------------------------------------------x

**<u>MEMORANDUM AND ORDER</u>**

Case No. 1:20-CV-01316-FB-VMS

*Appearances*:
*For the Plaintiffs*:
KHAGENDRA GHARTI-CHHETRY
Chhetry & Associates, P.C.
363 Seventh Avenue
New York, NY 10001

MICHAEL G. RADIGAN
Sobo & Sobo LLP
1 Dolson Avenue
Middletown, NY 10940

*For the Defendants*:
ALLISON M. SURCOUF
Condon & Forsyth LLP
7 Times Square
18th Floor
New York, NY 10036

**BLOCK, Senior District Judge:**

    This action arises from a plane crash that occurred in Kathmandu, Nepal on March 12, 2018.[1] The plane, which was flying a route from Dhaka, Bangladesh to Kathmandu, crashed upon touchdown at its destination. Of the 71 people on board,

---

[1] Defendant US-Bangla Airlines erroneously refers to the date of the accident as March 11, 2018 in its motion to dismiss. This order refers to the correct date of March 12, 2018 referred to elsewhere in the parties' filings.

51 were killed. Plaintiffs,[2] who are a survivor of the crash and the representatives of victims' estates, now assert claims against US-Bangla Airlines for wrongful death, personal injury, and carrier liability under the Warsaw and Montreal Conventions. In turn, US-Bangla Airlines moves to dismiss Plaintiffs' complaint in its entirety under Federal Rules of Civil Procedure ("FRCP") 12(b)(2) and 12(b)(5). For the reasons discussed below, the motion to dismiss is granted under both FRCPs 12(b)(2) and 12(b)(5). In addition, Plaintiffs cross-move to compel a deposition of a key witness. Their motion is denied as moot.

## I.

The following facts are taken from the complaint. For present purposes, the Court accepts them as true and draws all reasonable inferences in favor of the

---

[2] Throughout this order, "Plaintiffs" is used to collectively refer to the plaintiffs, who are the following: Samira Byanjankar, Estate of Sila Bajgain, Estate of Algina Baral, Estate of Charu Baral, Estate of Gyani Kumari Gurung, Estate of Purnina Lohani, Estate of Prasanna Pandey, Estate of Sanjay Poudel, Estate of Saruna Shrestha, Estate of Bal Krishna Thapa, Estate of Shweta Thapa, Ganesh Prasad Baral, Ganga Kumari Baral, Arika Baral, Rajan Baral, Kamala Ghimire, Piyush Baral, Bhola Bahadur Budhathoki, Binod Bushathoki, Rakhi Kumari Mandal, Pramad Budhathoki, Sunita Lama, Bigya Budhathokis, Kaniska Budhathoki, Prasan Budhathoki, Chitra Bahadur Lohani, Nur Bahadur Lohani, Yam Kumari Lohani, Puja Lohani, Lelina Lohani, Thaman Bahadur Pandey, Nira Pandey, Damodar Poudel, Annapurna Upadhaya Poudel, Anjali Poudel, Ram Shrestha, Rajani, Shrestha, Saru Shrestha, Bishal Shrestha, Gambhir Dhoj Thapa, Sumitra Thapa, Ram Krishna Thapa, Kalpana, Thapa, Irada Thapa, Shangharsha Thapa, Abrigal Thapa, Asim Thapa, Urmila Pradhan, Gajendra Singh Thapa.

plaintiff. *See*, *e.g.*, *Gamm v. Sanderson Farms, Inc.*, 944 F.3d 455, 458 (2d Cir. 2019).

On March 12, 2018, US-Bangla Airlines Flight BS211 departed Hazrat Shahjahal International Airport in Dhaka, Bangladesh and crashed on the runway at its destination, Tribhuvan International Airport in Kathmandu, Nepal. *See* Complaint at ¶ 2. According to a post-accident report, the probable cause of the crash was disorientation and loss of situational awareness of members of the flight crew, including the pilot. *See id.* at ¶ 57-8. Specifically, the pilot was noted to have been emotionally disturbed at the time of the accident and he failed to follow standard operating procedures. *See id.* at ¶ 58. All four crew members were killed along with 47 passengers. *See id.* at ¶ 56.

Plaintiffs bring claims for wrongful death and personal injury. US-Bangla Airlines challenges all causes of action under FRCP 12(b)(5) and 12(b)(2).

## II.

### a.  Rule 12(b)(5)

Federal Rule of Civil Procedure 12(b)(5) allows for dismissal of a complaint for insufficient service of process. *See* Fed. R. Civ. P. Rule 12(b)(5). Plaintiff bears the burden of establishing that adequate service was provided. *See Howard v. Klynveld Peat Marwick Goerdeler*, 977 F. Supp. 654, 658 (S.D.N.Y. 1997), *aff'd* 173 F. 3d 844 (2d Cir. 1999). To decide if service of process was sufficient, the

Court must look to FRCP 4 which governs summonses. *See* Fed. R. Civ. P. 4. With regard to a foreign corporation or limited liability company, service within the United States must be made in accordance with state law, by delivering a copy of the summons and complaint to an officer or agent of the entity, or in accordance with the FRCP governing foreign individuals. *See* Fed. R. Civ. P. 4(h).

FRCP 4(f) concerns service of individuals in a foreign country. It provides that service may be effectuated: (1) by means of an international agreement, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents, (2) if there is no internationally agreed means, by a method reasonably calculated to give notice as dictated by the foreign country's law for service, as the foreign country directs in a response to a letter rogatory, or by delivering a copy of the summons and complaint to the individual personally or via mail addressed and sent by the clerk of court, or (3) by another means ordered by the court that is not prohibited by international agreement. *See* Fed. R. Civ. P. 4(f).

**b. Rule 12(b)(2)**

To survive a motion to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of establishing jurisdiction over the defendant. *See Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F. 3d 560, 566 (2d Cir. 1996). At this early stage of pleading, the

Court must view the pleadings in true light most favorable to the plaintiffs, and resolve any dispute of fact in favor of the plaintiffs. *See Robinson v. Overseas Military Sales Corp.*, 21 F. 3d 502, 507 (2d Cir. 1994). Before the discovery phase, a plaintiff may defeat a 12(b)(2) motion by making a prima facie showing of jurisdiction with the support of the complaint's allegations, affidavits, and other supporting evidence. *See Bank Brussels Lambert*, 171 F. 3d 779, 784 (2d Cir. 1999). Not accepted as support for jurisdiction, however, are conclusory statements. *See Jacini v. Nissan Motor Co. Ltd.*, 148 F. 3d 181, 185 (2d Cir. 1998).

For a corporate entity, "[t]he paradigm all-purpose forums for general jurisdiction are a corporation's place of incorporation and principal place of business." *Daimler AG v. Bauman*, 571 U.S. 117, 118 (2014), citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 914, 924 (2011). With regard to general jurisdiction, New York courts may exercise jurisdiction over all claims of an entity, including claims unrelated to the entity's contacts with the state, if the entity's contacts with New York state are so continuous and systematic as to render it essentially at home in New York. *See Goodyear* at 919. The same analysis is applied to corporations and limited liability companies. *See Chufen Chen v. Dunkin' Brands, Inc.*, 954 F. 3d 492, 497 (2d Cir. 2020).

## III.

The Court first addresses the question of sufficiency of service of process, then turns to the question of jurisdiction.

### a. Service of Process

US-Bangla Airlines moves to dismiss for lack of proper service of process. It argues that Plaintiffs failed to properly serve US-Bangla Airlines either in the United States or abroad. Plaintiffs attempted to timely serve the Complaint by priority overnight mail to US-Bangla Airlines at the alleged Queens office location, which is discussed in more detail in the following section. US-Bangla airlines argues that this service was improper because the airline does not have any affiliation with this address and because service on a limited liability corporation via mail is not proper.

Regardless of whether US-Bangla Airlines is affiliated with the alleged Queens address, service via mail on a limited liability corporation is not proper under either the FRCP or New York Civil Practice Law & Rules, making Plaintiffs' service in the United States improper. *See* Fed. R. Civ. P. 4(h)(1); CPLR 311-a(1).

US-Bangla Airlines also argues that service of process failed under FRCP 4(f), first because Bangladesh is not a party to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents or any other international

agreement governing service of process. Plaintiffs do not contest this and make no showing that Bangladesh is subject to any international agreement regarding service of process.

US-Bangla Airlines also argues that service failed under part two of FRCP 4(f) because service was not made according to Bangladeshi law, according to a response to a letter rogatory, or by mail addressed and sent by the clerk of court to the entity being served. Plaintiffs again do not contest these arguments, but instead cite the FRCP governing proof of service of process as support, which is not on point, since US-Bangla Airlines has challenged the service itself and not the proof thereof. *See* ECF 24 at 8. There is no allegation that Plaintiffs sent a letter rogatory, and Bangladeshi law provides that summons issued by foreign courts be sent to courts in Bangladesh, not to defendants. *See* Bangladesh Code of Civil Procedure Rule 29. Also, Plaintiffs submitted an affidavit that supports that an individual, not the clerk of court, sent the summons to US-Bangla Airlines. *See* ECF 12.

Lastly, US-Bangla Airlines argues that Plaintiffs failed to properly serve it under the final method available under FRCP 4(f), which allows for the use of an alternate method of service as ordered by the Court. *See* Fed. R. Civ. P. 4(f)(3). Plaintiffs have made no showing that the Court granted approval for an alternate method of service prior to attempting to serve US-Bangla Airlines outside of the United States. Therefore, service of process fails under both FRCPs 4(f) and 4(h),

as well as under New York state law. Accordingly, the motion to dismiss is granted under Rule 12(b)(5).

**b. Jurisdiction**

Notwithstanding the above, if the Court had found that service was proper, the Plaintiffs cannot surpass the bar required to establish jurisdiction over the airline. The Court now addresses this question.

The plane crash at issue occurred in Nepal. *See* Complaint at ¶ 2. All Plaintiffs were Nepali citizens at the time of the accident. *See id*. at ¶ 3. Plaintiffs do not assert specific jurisdiction here. Therefore, we turn to an assessment of general personal jurisdiction.

The parties agree that US-Bangla Airlines's principal place of business is Dhaka, Bangladesh and that the company is formed under the laws of Bangladesh. *See id*. at ¶ 53. In the Complaint, Plaintiffs assert that "significant senior-level elements of the management and control of the Airline were effected in part from the State of New York by officers of the Airline based in New York. This included decision-making relating to aircraft maintenance, crew training and operational safety." *See id*. at ¶ 53. However, Plaintiffs provided no support in their Complaint for this allegation. The Court instructed Plaintiffs to provide supporting information to make a showing of jurisdiction, which they did via letter to the Court dated December 21, 2020 ("Letter"). *See* ECF 10.

The Plaintiffs' Letter includes a copy of a web page showing US-Bangla's office locations, which indicates an office located in Queens, an affidavit from a person claiming to have personal knowledge that US-Bangla Airlines maintained an office in Queens, an advertisement for the airline allegedly run in a local newspaper, support for Plaintiffs' allegation that one of US-Bangla's alleged shareholders, US-Bangla Assets Ltd., is based in Queens, and a copy of a web page that provides support for the allegation that US-Bangla Assets Ltd. is a sister company of US-Bangla Airlines. *See id*. Plaintiffs also provide information from the New York Department of State database regarding US-Bangla Airlines, Ltd. to support the allegation that this entity was formed in New York. *See id.* at Ex. D.

US-Bangla Airlines disputes that it maintained an office in Queens and asserts that the office instead belonged to a related but separate entity, US-Bangla Airlines Ltd. *See* ECF 25 at 1. The airline also disputes that the advertisement Plaintiffs provided appeared in a local newspaper. However, at this stage of pleading, the Court must draw all inferences in favor of Plaintiffs.

Even so, the information that Plaintiffs provided from the New York Department of State database indicates that US-Bangla Airlines Ltd. was dissolved on December 7, 2017, prior to the plane crash, making an assessment of this entity's relation to US-Bangla Airlines and citizenship irrelevant. *See United Mobile Techs., LLC v. Pegaso PCS, S.A. de C.V.*, 509 F. Appx. 48, 50 (2d. Cir.

2013) (holding that the relevant time at which jurisdiction should be assessed is at the time of the filing of the summons and complaint); ECF 10 at Ex. C. US-Bangla Assets Ltd. was dissolved on December 13, 2018, which was more than a year prior to the filing of the Complaint *See* ECF 10 at Ex. E. This renders the assessment of this entity's citizenship and relationship to US-Bangla Airlines irrelevant, as well. *See id*.

Also, assuming that US-Bangla Airlines did maintain a branch office in Queens, this would not suffice as a basis for establishing general jurisdiction over the entity in New York. *See Gucci Am., Inc. v. Weixing Li*, 768 F. 3d 122, 135 (2d Cir. 2014) (holding that the existence of a branch office in the forum was not sufficient to establish general jurisdiction when an entity is headquartered elsewhere). Finally, the Plaintiffs made no showing that the advertisement they provided appeared in a newspaper in New York. However, assuming that it did, this also would not be enough to establish general jurisdiction over US-Bangla Airlines for the purposes of this Complaint. *See A.W.L.I. Group, Inc. v. Amber Freight Shipping Lines*, 828 F. Supp. 2d 557, 566 (E.D.N.Y. 2011) (stating that advertising directed at residents of New York is not enough to support jurisdiction if it is not accompanied by business transactions occurring in the state or the defendant's continuous and substantial presence in New York). The Plaintiffs have

made no showing that airline tickets were sold in New York or to residents in New York, or offered any other support for jurisdiction by this means.

Plaintiffs have not sufficiently plead that US-Bangla Airlines is at home in New York state or adequately connected to the state in any way to establish personal jurisdiction. Therefore, US-Bangla Airlines's motion to dismiss based on lack of personal jurisdiction is granted.

## IV.

Plaintiffs cross-move to compel oral deposition of US-Bangla Airlines's Managing Director, Mohammad A. Al Mamun, who they describe as a key witness. *See* ECF 24 at 8-9. Because U.S.-Bangla Airlines's motion to dismiss is granted, Plaintiffs are not entitled to discovery. *See Jazini v. Nissan Motor Co., Ltd.* 148 F. 3d 181, 186 (2d Cir. 1998) (holding that denying discovery when plaintiffs failed to establish personal jurisdiction over foreign defendant was correct).

## CONCLUSION

For the foregoing reasons, the defendant's motion to dismiss is **GRANTED**

pursuant to Rules 12(b)(2) and 12(b)(5). Accordingly, the plaintiffs' motion to

compel is **DENIED**.

**SO ORDERED.**


　　　　　　　　　　　　　　　　　　 /S/ Frederic Block
　　　　　　　　　　　　　　　　　　FREDERIC BLOCK
　　　　　　　　　　　　　　　　　　Senior United States District Judge

Brooklyn, New York
November 18, 2021